DeJarnette, Appellee, *v.* Eastman, Admr., Appellant.

(No. 677—Decided October 18, 1954.)

*Messrs. Young & Young,* for appellee.
*Mr. George Cook Ford* and *Mr. Frank C. Lyons,* for appellant.

*Per Curiam.* This appeal on questions of law from a judgment of the Court of Common Pleas of Huron County originated by an action being instituted in that

court by plaintiff, appellee herein, against the defendant, appellant herein, as the administrator of the estate of Mattie Vick, deceased.

The parties will be referred to herein as plaintiff and defendant respectively, as they appeared in the Court of Common Pleas.

Following the formal allegations referring to the appointment and qualification of the defendant as administrator, the plaintiff in his petition alleged in three separate causes of action the performance of services at the request of the decedent Mattie Vick, for which it is alleged decedent promised to pay, as follows:

From December 1946 to July 1, 1951, services as a nurse and domestic servant, comprising 282 weeks at $10 per week, totalling $2,820. From July 1, 1951, to December 31, 1952, services as a nurse and also as a domestic servant at $25 per week, totalling the sum of $650. From January 24, 1946, to the time of decedent's death in January 1952 for labor performed and materials furnished for improving and remodelling the dwelling house owned by the decedent and alleged to have been reasonably worth the sum of $2,000, all which aggregated the sum of $5,420, for which sum plaintiff prayed judgment against the defendant.

The defendant, by answer, specifically denied that any request for the performance of the services or promise to pay therefor was made by the decedent, and alleged further that if such services were performed by the plaintiff, they were performed without any expectation of remuneration. The reply of the plaintiff denies the affirmative allegations of defendant's answer.

The trial resulted in a verdict in the sum of $1,000, which, as was indicated by answers to interrogatories submitted on behalf of the plaintiff, was found by the jury to be due as ''the reasonable value of such serv-

ices'' performed by the plaintiff, as ''necessarily required by the decedent by reason of her last illness.'' Upon this verdict, the judgment here for review was entered by the trial court.

Motions for a directed verdict at the close of plaintiff's case, and at the conclusion of all the evidence on behalf of plaintiff were overruled by the trial court.

Although the court has given consideration to each of the 20 specifications in defendant's assignment of errors, nevertheless in view of the conclusion reached by the court on the evidence in the record before us, an analysis or any comment concerning same becomes unnecessary.

The evidence in the record discloses, in part, that plaintiff and the decedent lived and cohabited in the residence of decedent, sleeping together in the same bed as man and wife during the period of time beginning in the year 1938 until the death of decedent in the month of January 1952.

It is disclosed also by the record that following the appointment of the defendant as administrator of the estate of Mattie Vick, the plaintiff filed a verified application in the Probate Court of Huron County, charging the defendant with misconduct and seeking defendant's removal as such administrator for the reasons following:

''First: In procuring his appointment as such administrator without giving notice to the surviving spouse.

''Second: In representing to the court that there was no surviving spouse of said decedent, when he well knew that said decedent was survived by a husband, to wit: this applicant [plaintiff].''

It appears further from the record that plaintiff filed verified exceptions as the surviving spouse of the decedent to the inventory and appraisement of the defendant as administrator in the Probate Court.

The determination of the Probate Court upon plaintiff's application as surviving spouse seeking the removal of the defendant was that plaintiff was not the surviving husband of Mattie Vick, following which plaintiff presented his account for services, which was rejected by the defendant as administrator, resulting in the filing by the plaintiff of the action on such account and the judgment now before us for review.

In view of the undisputed relationship which existed between the plaintiff and the decedent for many years and the insistent representation by plaintiff that he was the surviving husband of the decedent, this court concludes that there is no evidence of a substantive character on the record before us tending to establish the existence of contractual relations in support of the verdict of the jury and judgment of the court, and that, therefore, the trial court should have granted defendant's motions for a directed verdict and rendered judgment for the defendant. *Columbus, Hocking Valley & Toledo Ry. Co.* v. *Gaffney,* 65 Ohio St., 104, 61 N. E., 152.

The judgment of the Court of Common Pleas is, therefore, reversed and final judgment for the defendant is rendered herein.

*Judgment reversed.*

FESS, P. J., CONN and DEEDS, JJ., concur.